Charles B. Rothschild *v.* Zoning Board of
Adjustment of Cheltenham Township.
Lam & Buchsbaum, Intervenor.

Argued October 6, 1970, before President Judge
Bowman and Judges Crumlish, Kramer, Wilkinson,
Manderino, Mencer and Barbieri.

*William R. Cooper,* for appellant.

*John T. Acton,* with him *S. Gerald Corso, Jenkins & Acton,* and *Samuel H. High, Jr., High, Swartz, Roberts & Seidel,* for appellee.

OPINION BY JUDGE WILKINSON filed November 30, 1970:

The property which is the subject of this dispute has been used as a site for a real estate agency since prior to 1947. The original zoning ordinance adopted in 1929 zoned this area "F" commercial. In 1947 it was rezoned from "F" commercial to "A" residence district. A real estate agency continued to occupy the premises as a nonconforming use.

The use of this same property was before the Supreme Court of Pennsylvania in 1954 on an appeal from a 1952 decision of the Court of Common Pleas of Montgomery County which had reversed the Zoning Board of Adjustment. *Mutimer Co. v. Wagner,* 376 Pa. 575, 103 A. 2d 417 (1954). In that case an application was made to change the nonconforming use from the sale of real estate to the sale of machines. The Supreme Court of Pennsylvania affirmed the decision of the Montgomery County Common Pleas Court which permitted the change in the nonconforming use. However, the record in this case would seem to establish that the 1952 proposed and approved change in nonconforming use never took place.

The present application for an extension of the nonconforming use is made to the Zoning Board of Adjustment under paragraph 3 of section 2310 of the zoning ordinance. Under this section the Board has the power to authorize the extension as a special exception provided "no addition or structural alteration for such nonconforming use shall exceed twenty-five per cent (25%) of the floor area of the said building when the use first began to be nonconforming".

The Zoning Board of Adjustment had the benefit of two hearings, and based on competent testimony, it has found that all the conditions for granting the special exception have been met. Therefore, it granted the petition for the extension of the nonconforming use, with appropriate conditions to protect the public welfare. This action was affirmed by the Montgomery County Court of Common Pleas. We must affirm.

No good purpose would be served here by reviewing the law of special exception in zoning ordinances, which party has the burden of proof, the weight to be given to the findings of the Board, etc. There is no serious dispute between the parties concerning the law.

Appellant, Charles B. Rothschild, along with several others, testified protesting the proposed extension. The import of his testimony was that even if this extension were twenty-five per cent (25%) or less, he was against it because he wanted the *status quo* to be maintained. While this is an understandable position on the part of the responsible owners in the neighborhood, it is not a valid reason to oppose what would otherwise qualify as a special exception. *Archbishop O'Hara Appeal*, 389 Pa. 35, 131 A. 2d 587 (1957).

In the opinion below Judge LOWE clearly reviewed the disputed points of fact and found ample basis to affirm the findings of the Board. As he pointed out, since no new testimony was offered in the court below, he could disturb the findings of the Board only if he found a manifest abuse of discretion or an error of law. *Jackson v. Pottstown Zoning Board of Adjustment*, 426 Pa. 534, 233 A. 2d 252 (1967). The same rule applies to this Court and we come to the same conclusion.

The order of the court below is affirmed. Costs to be paid by the appellant.